Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
Tel:   602.753.2933
Fax:   855.592.5876
Email: isaac@hdezlawfirm.com

*Attorney for Plaintiffs Alex Madrid and Charlene Madrid*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alex Madrid and Charlene Madrid, | Case No. |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Apache County, a body politic, and Joy Whiting, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiffs Alex Madrid and Charlene Madrid (husband and wife), by and through undersigned counsel, file this Complaint and Demand for Jury Trial against Defendants Apache County and Joy Whiting, pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 3, 7(a)1, 8(a), and 38(a & b).

## PLAINTIFFS' FIVE CLAIMS

1.    Plaintiff Alex Madrid against Apache County and Joy Whiting for violation of 42 U.S.C. §1983 – retaliation for exercising his First Amendment rights of free speech and to petition the government for a redress of grievances.

*(sidebar, rotated)* Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

2.     Plaintiff Alex Madrid against Apache County for violation of 42 U.S.C. §1983 – deprivation of property right to job without Fourteenth Amendment procedural due process.

3.     Plaintiff Charlene Madrid against Apache County for violation of 42 U.S.C. §1983 – retaliation for exercising First Amendment rights of free speech and to petition the government for a redress of grievances.

4.     Plaintiff Charlene Madrid against Apache County for violation of 42 U.S.C. §1983 – deprivation of property right to job without Fourteenth Amendment procedural due process.

5.     Plaintiff Charlene Madrid against Apache County for violation of 42 U.S.C. §1983 – deprivation of Fourteenth Amendment due process liberty interest.

**PARTIES, JURISDICITON AND VENUE**

6.     Plaintiff Alex ("Alex") Madrid:

(A)   Is, and was at all times material to this Complaint, an adult resident of Apache County, Arizona.

(B)   Is, and was at all times material to this Complaint the spouse of Plaintiff Charlene Madrid.

(C)   Was at all times material to this Complaint a "regular full-time" "classified" employee of Defendant Apache County with a property right to his job pursuant to Apache County Employment Ordinance Sec. 1.53, and established County custom and practice.

7.     Plaintiff Charlene ("Charlene") Madrid:

(A)   Is, and was at all times material to this Complaint, an adult resident of Apache County, Arizona.

(B)   Is, and was at all times material to this Complaint the spouse of Plaintiff Alex Madrid.

(C)   Was at all times material to this Complaint a "regular full-time"

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

"classified" employee of Defendant Apache County with a property right to her job pursuant to Apache County Employment Ordinance Sec. 1.53 and established County custom and practice.

8.  Defendant Apache County ("the County") was at all times material to this Complaint:

   (A)  An Arizona County and body politic established and operating pursuant to Arizona Constitution Art. XII and A.R.S. Title 11.

   (B)  Acting by and through its Superintendent of Schools, Defendant Joy Whiting and its other agents and officials

   (C)  The employer of both Plaintiffs, Alex and Charlene Madrid.

   (D)  Acting by and through its officers and agents "under color of any statute, ordinance, regulation, custom, or usage, of any State" as that term is used and defined in 42 U.S.C. §1983.

9.  Defendant Joy Whiting ("Whiting") is, and has been at all times material to this Complaint:

   (A)  An adult resident of Apache County, Arizona.

   (B)  The elected Apache County Superintendent of Schools, serving pursuant to Arizona Constitution Art. XII, sec. 3, A.R.S. §11-511, and A.R.S. §15-302, having been duly elected to that position in November 2020.

   (C)  Acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" as that term is used and defined in 42 U.S.C. §1983.

10.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because all claims herein arise under the laws of the United States, to-wit: 42 U.S.C. §1983, and also pursuant to 28 U.S.C. §1343(a)(4) because all claims seek relief for federal civil rights violations.

11.   Based upon the foregoing facts, this Court is the correct venue for this action under 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS

### Alex Madrid's Employment with the County and Termination

12.   Alex had been an employee of the County since 2000.  On February 6, 2018, Alex received a promotion to the position of Director for the Apache County Superintendent of Schools Business Consortium ("Consortium").  In his capacity as Consortium Director, Alex was responsible for oversight and management of technology, internet, and software needs shared among and between the school districts located in the County.

13.   As the Consortium Director, his superiors were the County and Ms. Whiting when they terminated his employment on January 6, 2021.

14.   On or around January 1, 2021, Alex received a copy of the Agenda for the upcoming meeting of the Apache County Board of Supervisors ("BOS") on January 5, 2021 at 8:30 am.  The Agenda for the January 5, 2021 BOS Meeting, items 7, 8 and 9, included significant changes proposed and submitted to the BOS by Ms. Whiting (the then-recently elected Apache County School Superintendent of Schools and wife of Apache County Attorney Michael Whiting).  Alex believed that Ms. Whiting's proposals would (A) adversely affect the finances (expenses), quality of services provided, and efficiency of the Consortium, and (B) cause significant personnel changes and termination of several employees, including his wife Charlene.

15.   On January 2, 2021, Alex sent an email to Ms. Whiting requesting clarification regarding her proposed changes to the Consortium's operations and management referred to in the Agenda for the January 5, 2021 BOS Meeting, but he received no response.

16.   Alex's duties as Consortium Director did not require or include contacting the BOS or Ms. Whiting or others about the adverse changes being

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

planned by Whiting, and he was acting as a concerned citizen and not in his official capacity as Consortium Director when he wrote and sent an e-mail to the BOS, Ms. Whiting and others concerned with County schools' operations and expenses on January 3, 2021. A true copy of that e-mail expressing his concerns is attached as **Exhibit 1** and incorporated herein by reference pursuant to FRCP Rule 10(c).

17.    Given the significant nature of proposed changes to the Consortium's operations and management, Alex was particularly concerned that he had not been consulted or informed regarding the significant changes proposed by Ms. Whiting.

18.    On January 4, 2021, Alex contacted several County administrators to try to gather information regarding the proposed changes and prepare for the January 5, 2021 BOS Meeting when Ms. Whiting's proposals were on the agenda.

19.    At its January 5, 2021 meeting, the County BOS voted to approve the changes and actions proposed by Ms. Whiting.

20.    On January 6, 2021, County Human Resources Director Stephanie McCarthy and County Finance Director Tim Hinton, walked into Alex's office and notified him that "[his] services were no longer needed by the County", terminating his employment effective immediately.

21.    Prior to that meeting with Ms. McCarthy and Mr. Hinton, Alex had not received any notice or indication that his position with the County was in jeopardy.

22.    Alex was surprised and upset that he had been terminated effective immediately, with no pre-termination hearing, and no history of discipline or deficient performance. Despite making several requests to the Defendants, Alex never received anything in writing from them explaining the Defendants' decision to fire him, especially when his services were still needed.

23.    Alex was fired by the Defendants in retaliation for his exercise of his First Amendment rights to free speech and to petition the government for a redress

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

of grievances, just three days after he sent his e-mail protesting Ms. Whiting's proposed changes to the County Schools Business Consortium.

24.   There was no good cause for the Defendants to fire Alex.

25.   Alex had a Fourteenth Amendment due process "property right" to his job (continued employment), but he was never given any pre-termination hearing or opportunity to contest or appeal his termination or have a due process evidentiary hearing on his termination, and thus his job was taken in violation of his federal constitutional right to due process, and his right to appeal from his termination pursuant to Apache County Employment Ordinance Section 4.9.

**Charlene Madrid's Employment with the County and Termination**

26.   Charlene had been employed by the County Superintendent of Schools as an Accounting Specialist since 2013.

27.   On January 1, 2021, when reading a copy of the Agenda for the January 5, 2021 BOS Meeting, Charlene learned about Defendant Whiting's proposal submitted to the BOS on the Agenda to eliminate several positions in the County School Superintendent's Office, including her own.

28.   On the morning of January 5, 2021, the BOS approved Ms. Whiting's proposals, including eliminating the positions of Charlene and other employees who provided or supported services for the school districts in the County.

29.   Upon learning of the BOS action on January 5, Charlene was worried that personnel from the County Finance Dept., who were to take over the functions that Charlene and others had performed for the county school districts, lacked the personnel, the skills, and training to perform those functions adequately and competently for the county school districts.  She reported her concerns to various County co-workers and local school district officials in an e-mail that she sent at 9:50 am on January 5, 2021.  Her work duties did not include contacting other County employees or local school districts to warn them that the County Finance Dept. was not prepared or equipped to take over the functions and duties that she

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2953

- 6 -

and her other fired co-workers had provided for them, and this was a matter of public concern. A true copy of that e-mail expressing Charlene's concerns is attached as **Exhibit 2** and incorporated herein by reference pursuant to FRCP Rule 10(c).

30.     Later that same morning, County Human Resources Director Stephanie McCarthy and County Finance Director Tim Hinton came to Charlene's office to tell Charlene that she and some of her coworkers had been fired by the BOS that morning, effective February 2, 2021. McCarthy told Charlene that she should pack up all her personal belongings and leave the office that same morning, and that she would be "working from home" until February 2, 2021. Charlene responded that it would not be possible to perform her work duties from her home, and McCarthy responded that Charlene would not actually be doing any work at all other than being available to take any calls or inquiries from the County during that period while she was "still on the County payroll".

31.     Ms. McCarthy told Charlene the County would try to find her another position within the County government to transfer to since she was being terminated from her job Accounting Specialist within the Superintendent's Office.

32.     Soon thereafter, Charlene conferred with County Chief Deputy Recorder Bowen Udall about transferring to an open position as "Administrative Assistant II" in the County Recorder's office, which job Charlene wanted.

33.     Mr. Udall offered Charlene the job, and Charlene accepted the job offer which continued her County employment, and she was scheduled to begin on or about Monday, February 1, 2021, although Charlene was still technically a (non-working) employee of the Superintendent's Office through Tuesday, February 2, 2021.

34.     On January 26, 2021, Ms. McCarthy and Mr. Udall, acting on behalf of the County, both signed a Personal Action Form authorizing Charlene's transfer to the new position in the Recorder's office "effective February 1, 2021".    The

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

County Recorder later set her official start date in her new position as February 2, 2021, and scheduled February 8, 2021, as her first day of actually showing up to start her work duties at the Recorder's Office.

35.    However, on February 3, 2021, before she could report to work for her first day as an employee of the County Recorder, Charlene received an email from Ms. McCarthy stating that the job "offer" for the position in the County Recorder's Office had been "rescinded" and that Charlene's employment with the County was terminated "effective February 2, 2021."

36.    Ms. McCarthy's February 3, 2021 e-mail further stated that Charlene would be "ineligible for rehire with Apache County due to [her] behavior and circumstances after the Board's decision regarding the Superintendent's Office on January 5, 2021."

37.    The February 3 e-mail gave no explanation as to what behavior or circumstances caused the County to designate her as ineligible for rehire.

38.    On February 8, 2021, Charlene sent an e-mail to Ms. McCarthy asking for an explanation or clarification regarding the alleged behavior or conduct referred to in Ms. McCarthy's email on February 3.   Charlene received no response.

39.    The County terminated Charlene's employment and designated her as ineligible for rehire in retaliation for her exercise of her First Amendment rights to free speech and to petition the government for redress of grievances because a County Official(s) learned of the email Charlene sent on January 5, 2021 [see **Exhibit 2**], which is the "behavior" Ms. McCarthy referred to in her February 3, 2021 e-mail, *supra*.

40.    There was no good cause for the County to fire Charlene.

41.    On February 11, 2021, Charlene filed a Notice of Appeal pursuant Apache County Employment Ordinance Section 4.9 (Employee Conduct) for the County's actions in (A) terminating her employment with the County Recorder or

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2935

rescinding her job offer after it was accepted, and (B) designating in her County files and personnel records available to the public that she was designated as "ineligible for rehire" by the County.

42. The County never responded to Charlene's Notice of Appeal or followed its own procedures in Section 4.9, nor was Charlene provided an opportunity for a "name clearing hearing" regarding being fired for her "behavior" and being designated as "ineligible for rehire", in direct violation of Charlene's Fourteenth Amendment due process rights to her property interest (job) and liberty interest (publicly disclosing stigmatizing information regarding the reason for termination of employment of a public employee).

43. Charlene had a Fourteenth Amendment due process "property right" to her job (continued employment), but she was never given any pre-termination hearing or opportunity to contest or appeal her termination or have a due process evidentiary hearing on her termination, and thus her job was taken in violation of her federal constitutional right to due process, and her right to appeal from her termination pursuant to Apache County Employment Ordinance Section 4.9.

**PLAINTIFFS' DAMAGES**

44. As a direct and proximate result of the Defendants' intentional violations of the Plaintiffs' federal constitutional rights under the First and Fourteenth Amendments, the Madrid Plaintiffs have each suffered damages including, inter alia, lost wages and employee benefits from the loss of their County jobs, worry about how they would support their family while unemployed, dependence upon unemployment benefits for economic survival, sadness, embarrassment, humiliation and emotional distress from the sudden and unexpected loss of their jobs which each enjoyed and performed well and the friendships they enjoyed with their County co-workers over the years.

45. Charlene has suffered serious harm to her professional reputation and future employment prospects because of the stigmatizing actions of the County in

firing her alleging misbehavior that makes her ineligible for rehire, with no factual basis for such malicious adverse actions, and a motive of retaliation for the exercise of her and Alex's First Amendment rights [see **Exhibits 1 and 2**].

46.    Ms. Whiting's conduct described herein was willful, wanton, malicious, and in reckless disregard of the Plaintiffs' federal constitutional rights under the First Amendment, and therefore the Plaintiff Madrid should be awarded punitive damages against Defendant Whiting in an amount to be determined by the trier-of-fact.

## DEMAND FOR JURY TRIAL

The Plaintiffs request a trial by jury on all claims pursuant to the U.S. Constitution Seventh Amendment, FRCP Rule 38, and 42 U.S.C. 1981a(c).

## RELIEF REQUESTED

Based upon the foregoing, the Plaintiffs request judgment and orders granting them the following relief against the specified Defendants.

**Count 1:**    Plaintiff Alex Madrid against Apache County **and** Joy Whiting for violation of 42 U.S.C. §1983 – retaliation for exercising his First Amendment rights of free speech and to petition the government for a redress of grievances – requests:

1.    Compensatory damages;

2.    Punitive damages against Defendant Joy Whiting only;

3.    Injunctive relief, including inter alia, reinstatement with back pay and lost employee benefits; and,

4.    Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d)(2), and 42 U.S.C. §1988

5.    Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)(1), and 28 U.S.C §1920.

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

**Count 2:**    Plaintiff Alex Madrid against Apache County for violation of 42 U.S.C. §1983 – deprivation of property right to job without Fourteenth Amendment procedural due process – requests:

1.  Compensatory damages;
2.  Injunctive relief, including inter alia, reinstatement with back pay and lost employee benefits;
3.  Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d)(2), and 42 U.S.C. §1988; and,
4.  Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)(1), and 28 U.S.C §1920.

**Count 3:**    Plaintiff Charlene Madrid against Apache County for violation of 42 U.S.C. §1983 – retaliation for exercising First Amendment rights of free speech and to petition the government for a redress of grievances – requests:

1.  Compensatory damages;
2.  Injunctive relief, including inter alia, reinstatement with back pay and lost employee benefits;
3.  Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d)(2), and 42 U.S.C. §1988; and,
4.  Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)(1), and 28 U.S.C §1920.

**Count 4:**    Plaintiff Charlene Madrid against Apache County for violation of 42 U.S.C. §1983 – deprivation of property right to job without Fourteenth Amendment procedural due process – requests:

1.  Compensatory damages;
2.  Injunctive relief, including inter alia, reinstatement with back pay and lost employee benefits;
3.  Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d)(2), and 42 U.S.C. §1988; and,

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

4.   Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)(1), and 28 U.S.C §1920.

Count **5:**  Plaintiff Charlene Madrid against Apache County for violation of 42 U.S.C. §1983 – deprivation of Fourteenth Amendment due process liberty interest – requests:

1.   Injunctive relief, including inter alia, a "name clearing" / reputation repair due process evidentiary hearing and adjudication by  the court or a fair and impartial forum.

2.   Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d)(2), and 42 U.S.C. §1988.

3.   Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)(1), and 28 U.S.C §1920.


Respectfully submitted this 16th day of May 2022.

Hernandez Law Firm, PLC


By:  /s/ Isaac P. Hernandez
       Isaac P. Hernandez
       Attorney for Plaintiffs

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2935

- 12 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

## Attached Exhibits

**Exhibit 1:** E-mail sent by Alex Madrid on January 3, 2021 at 11:37 a.m.

**Exhibit 2:** E-mail sent by Charlene Madrid on January 5, 2021 at 9:50 a.m.

# Exhibit 1

From: Alex Madrid <amadrid@apachecountyschools.net>
Subject: New Administration proposed changes to the Consortium
Date: January 3, 2021 at 11:37:00 AM MST
To: Aaron Doster <adoster@elks.net>,  "amperry@wrschool.net"
<amperry@wrschool.net>,  Arlene Laughter <alaughter@native.k12.az.us>,
Barbara Baca <barbarabaca@sandersusd.net>,  Billie Bell
<bbell@concho.k12.az.us>, Cass Pond <cpond@elks.net>,
"erlameman@rmusd.net" <erlameman@rmusd.net>,  "Henrietta
(henrietta.keyannie@ganado.k12.az.us)"
<henrietta.keyannie@ganado.k12.az.us>,  Janet Fenderson
<janetf@apachecounty.net>, Jean Ray <jray@alpine.k12.az.us>,  "Jerome Burns
(Jerome.Burns@ganado.k12.az.us)" <jerome.burns@ganado.k12.az.us>,
"jlegg@sjusd.net" <jlegg@sjusd.net>, Kimberly Dugdale <KDugdale@sjusd.net>,
Kirby Bedonie <kbedonie@rmusd.net>,  "madams@vernon.k12.az.us"
<madams@vernon.k12.az.us>,  Nicolette Gardner
<ngardner@vernon.k12.az.us>,  "Olin Bluehouse
(olin.bluehouse@ganado.k12.az.us)" <olin.bluehouse@ganado.k12.az.us>,
"sams@snowflake.k12.az.us" <sams@snowflake.k12.az.us>,
"mwhiting@apachelaw.net" <mwhiting@apachelaw.net>,
"jwhiting@apachecountyschools.net" <jwhiting@apachecountyschools.net>
Cc: "fbrakeman@infinitycomm.com" <fbrakeman@infinitycomm.com>

To all,

There are some changes for the County Superintendent's Office being
proposed at the upcoming January 5th BOS meeting.   After reading
through items #7, #8 and #9 on the agenda, I am quite a bit concerned.
I have tried to contact Joy Whiting about these changes but I have not
heard back yet.  I do not have time to get a Consortium meeting
together prior to this board meeting, but maybe afterwards we can get
together in our meeting room downstairs to discuss these changes and
how they may impact all Consortium members.

So here are my thoughts on what I have read and maybe some history.

        Item #7 talks about creating a position called "Administrative
Coordinator" for the Consortium.  This is the first that I have learned of
this and I have had no recent discussion with anyone about this.  As you
know, a few years ago, a position like this was discussed at our annual
Consortium meetings.  Shirley and I looked into the possibility of hiring
someone to work with the Consortium's E-Rate needs and other office

organizational needs.  At the time, our current E-Rate consultant, Mike
Daniel, took it upon himself to help locate a consultant that was familiar
in how consortiums work with E-Rate and the complexities that are
associated.  Three years ago the Consortium hired Infinity
Communications out of Bakersfield California.  It has taken a year or two
but with Infinity's help and knowledge, the process of filing and working
with E-Rate has significantly improved.  We restructured the
relationship between the Consortium and the County Superintendent's
Office.  I am so very grateful to Shirley and Barry for the work that was
put forth to get this in place prior to me taking over as Consortium
Director.  Infinity is also a very integral part of our current fiber optic
infrastructure out to all of our schools and libraries (Alpine is in the
works).  From a financial standpoint, an "Administrative Coordinator"
position may need to be paid for out of the Consortium's budget.  This
may lead to an increase to all Consortium member's yearly fees.  I have
not yet run any numbers to determine how much, of an increase there
may be, but the listed salary for this position may add as much as
$100,000 to the budget.

Item #8 on the agenda looks to remove all of the financial
software provisioned by the Consortium and turn this over to a
company like Tyler.  Tyler would move all of the Visions accounting to
their own hosting servers at some cost to each school district.  The
schools will then pay the full yearly hosting fee to Tyler along with their
current maintenance.  As you know, currently these costs are
distributed amongst all Consortium members, and this would lead to a
significant loss of revenue to the Consortium and another increase of
costs to each school district's budget.  In my opinion this would also
remove a very large "VALUE" point that the consortium offers its
schools.

Item#9 on the agenda looks to remove all of the positions in the
Schools Superintendent's Office, and replace them with one position,
"Projects Director".  This too pertains to the consortium as this person

will need to interact with the Consortium.  Currently the Chief Deputy position is familiar with the state E-Rate program as it pertains to acting as the SPIN holder for the Consortium and the filing of request for proposals of internet services for the schools and libraries, they also work with Infinity Communications to maintain records and communications with USAC (Universal Services Administrative Company).  The Chief Deputy also periodically contacts Internet Service Providers looking for lower internet costs for the schools and also manages the yearly invoicing of internet for all Consortium members. Olivia Aranda maintains the Consortium finances and reports.  She handles the ordering of equipment and the paying of all of the Consortium's bills.  She also manages the "small school funds" which they utilize to help fund new technology installations for our small school districts.  She also prints payroll checks for the county school districts.   Jennifer Himes, organizes documents and takes care of the invoicing of the schools and libraries, she also helps me review contracts that are associated with consortium members.  Charlene and I have no interaction as the consortium business is concerned.  She is very busy maintaining the balance of budgets between all the schools and the county treasurer's office.  She also reviews the schools Grants, checking them for errors prior to filing them with the State.  As everyone knows, she is my wife and I am simply a talking post when frustration sets in and the first one to lend a smile when a financial problem is averted for a school.

Keep in mind that each of the listings say that this is all up for discussion and are only proposed changes.  But I would highly recommend that our consortium members, try to attend this meeting to find out how these proposed changes may affect your school business office.

I am so sorry that this is of such short notice.  I also apologize if I am unclear in my statements here as I am writing this very quickly.  I would like to hear from all of you regarding your opinion on these proposed changes.  So email or call me on Monday if you have any questions. Most of all, please be patient as we work through this transition.  When

I get some clarification as to what is going on I will pass it on.

You could also contact Joy Whiting through the St. Johns School District for clarifications on each of these proposals.  I currently do not have permission to give out her email address.


Thank you,


Alex Madrid
Network / Systems Administrator

Apache County Schools Business Consortium
amadrid@apachecountyschools.net
Office:  (928) 337-7610
Mobile:  (928) 245-0819

CONFIDENTIALITY NOTICE: The information contained in this e-mail message, including any attachments,
is only for the intended recipient(s) and may contain confidential and privileged information. Any
unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient,
and have received this communication in error, please contact the sender by reply e-mail and destroy
(delete) all copies of the original message.

# Exhibit 2

**Stephanie McCarthy**

 **From:** Charlene Madrid [mailto:cmadrid@apachecountyschools.net]
**Sent:** Tuesday, January 5, 2021 9:50 AM
**To:** Anna M. Perry (amperry@wrschool.net) <amperry@wrschool.net>; Barbara Baca <barbarabaca@sandersusd.net>; Billie Bell <bbell@concho.k12.az.us>; Cass Pond <cpond@elks.net>; Henrietta Keyannie <Henrietta.Keyannie@ganado.k12.az.us>; Janet Fenderson <janetf@apachecounty.net>; Jean Ray <jray@mail.alpine.k12.az.us>; Kimberly Dugdale <KDugdale@sjusd.net>; Kirby Bedonie <kbedonie@rmusd.net>; Mary Adams <madams@vernon.k12.az.us>
**Cc:** Olivia Aranda <Olivia.Aranda@apachecountyschools.net>; Jennifer Himes <jhimes@apachecountyschools.net>
**Subject:** We've been Fired


So, just to let you know, the Board of Supervisors just voted to eliminate all of our positions. I will not be staying on until February. I'm very sorry.  I have enjoyed working with all of you.  Apparently, the County Finance Department will be taking over the School Finances and the new position created here is strictly educational and training for teachers. I will tell you, they know nothing about school finance, the USFR, or our chart of accounts.   They have no idea what is done for the schools in this office. You will need to be very diligent in making sure your finances are done and done correctly.

Billie Bell was very courageous in speaking on behalf of the schools - to no avail. I want thank her so much for that.

*Charlene Madrid*
Account Specialist III
Apache County Superintendent of Schools
P.O. Box 548
St. Johns, AZ 85936
928-337-7543